**Everett D. JONES, Petitioner,**

v.

**DEPARTMENT OF the NAVY, Respondent.**

**No. 89–3337.**

United States Court of Appeals, Federal Circuit.

March 14, 1990.

Rehearing Denied May 24, 1990.

Everett D. Jones, Fairfield, Cal., pro se.

Stephen J. McHale, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., for respondent.

Before MARKEY, Chief Judge, SKELTON, Senior Circuit Judge, and BISSELL *, Circuit Judge.

DECISION

SKELTON, Senior Circuit Judge.

Petitioner, Everett D. Jones, seeks review of the June 5, 1989, 41 M.S.P.R. 10, final decision of the Merit Systems Protection Board (MSPB or board) vacating the January 11, 1989, initial decision of the

---

5. 514 So.2d 1294 (Ala.1987).

6. *Id.* at 1297.

* Circuit Judge Bissell heard oral argument in this appeal and participated in a consideration of the case, but died on February 4, 1990, and did not participate in the final decision.

MSPB's administrative judge (AJ) and dismissing his appeal for lack of jurisdiction. We reverse and remand.

## OPINION

The Department of the Navy (agency) removed petitioner from his position as a Welder, WG–10–5, at the Mare Island Naval Shipyard, for several instances of unauthorized absence. By notice dated April 14, 1987, the Federal Metal Trades Council (union) submitted a request on behalf of petitioner to arbitrate the removal in accordance with a Negotiated Agreement between the union and the agency. Petitioner, who was covered under the collective bargaining agreement, contested his removal through the negotiated grievance procedure. A hearing was conducted on May 4, 1988, and the arbitrator's decision, which was issued on September 28, 1988, found that the removal was justified, and affirmed the agency's removal action.

Subsequently, petitioner filed an appeal petition with the MSPB San Francisco Regional Office, arguing the merits of his case and alleging that the agency failed to consider the medical reasons which caused his frequent absences. He also alleged that he had been discriminated against by Shop 26 management "because they overruled qualified medical doctors." The AJ dismissed petitioner's appeal for lack of jurisdiction, holding that the petitioner had previously grieved his separation through arbitration under the terms of his collective bargaining agreement, and that he was barred by 5 U.S.C. § 7121(e)(1) from thereafter appealing to the MSPB. In addition, the AJ found that the petitioner had failed to raise an allegation of prohibited handicap discrimination before the arbitrator, and for that reason the board did not have jurisdiction of the issue and could not consider it on appeal.

Petitioner petitioned the full board for review of the AJ's decision. The full board vacated the decision issued by the AJ, but dismissed the appeal for essentially the same reasons given by the AJ. On August 8, 1989, petitioner filed his petition for review in this court.

In his appeal to the board from the arbitrator's decision, petitioner alleged in his petition for review for the first time that he had been the victim of physical handicapping discrimination by the agency. Such discrimination is prohibited by 5 U.S.C. § 2302(b)(1) which provides in pertinent part:

Any employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority—

(1) discriminate for or against any employee or applicant for employment—

\* \* \*

(D) on the basis of handicapping condition, as prohibited under Section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791).

The board, like the AJ, held that it did not have jurisdiction of petitioner's appeal because he had previously grieved his separation through arbitration under the terms of his collective bargaining agreement and that having chosen that procedure he could not later appeal to the board. It is true that under the provisions of 5 U.S.C. § 7121(e)(1) an aggrieved employee may pursue his claim either under the appellate procedures of 5 U.S.C. § 7701 or under the negotiated grievance procedure but not both. However, under 5 U.S.C. §§ 7121(d), and 7702 an aggrieved employee who is affected by the prohibited personnel practice of handicap discrimination as defined in 5 U.S.C. §§ 2302(b)(1) and 7702, which is covered by a negotiated grievance procedure, and who has contested the action of the agency through arbitration proceedings, as in the instant case, has an absolute right to request the board to review the arbitrator's decision. In this regard, 5 U.S.C. § 7121(d) provides in pertinent part:

Selection of the negotiated procedure in no manner prejudices the right of an aggrieved employee to request the Merit Systems Protection Board to review the final decision pursuant to section 7702 of this title in the case of any personnel

action that could have been appealed to the Board. . . .

5 U.S.C. § 7702 provides in pertinent part as follows:

§ 7702. Actions involving discrimination

(a)(1) *Notwithstanding any other provision of law,* and except as provided in paragraph (2) of this subsection, in the case of any employee or applicant for employment who—

(A) has been affected by an action which the employee or applicant may appeal to the Merit Systems Protection Board, and

(B) alleges that a basis for the action was discrimination prohibited by—

\*     \*     \*

(iii) section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791),

\*     \*     \*

the Board shall within 120 days of the filing of the appeal, decide both the issue of discrimination and the appealable action in accordance with the Board's appellate procedures under section 7701 of this title and this section.

(Emphasis supplied)

■ In view of the provisions of sections 7121(d) and 7702, a claim of prohibited discrimination filed with the board by an aggrieved employee transcends and is an exception to the restriction in § 7121(e)(1) on appeal to the board after he has grieved his removal through arbitration, and the board has jurisdiction of the claim and is required by the statutes aforesaid to decide it. Therefore, the board erred in holding that it did not have jurisdiction of petitioner's appeal because he had first proceeded through the negotiated procedure of arbitration.

■ Here the board also held that since petitioner did not raise the issue of handicap discrimination before the arbitrator, the board lacked jurisdiction to review it. In so holding the board fell into error. There is no statute or regulation that we have found, and none has been called to our attention, that requires an issue of prohibited discrimination, such as is involved in this case, to be first raised before an arbitrator before the board has jurisdiction to consider it on appeal. On the contrary 5 U.S.C. § 7702 provides that *notwithstanding any other provision of law,* an aggrieved employee may appeal to the board when he alleges that a basis for the agency action was prohibited discrimination. In such case the board is *required* to decide the issue of discrimination within 120 days of the filing of the appeal. Furthermore, the regulations of the board governing the procedures involving appeals containing allegations of prohibited discrimination, which we now consider, are dispositive of this question. These regulations are contained in 5 C.F.R. 1201.151 et seq. The scope and policy of the procedures in such regulations are stated in pertinent parts as follows:

Subpart E—Procedures for Cases Involving Allegations of Discrimination

§ 1201.151 Scope and policy.

(a) Scope. (1) The rules in this subpart implement 5 U.S.C. 7702, and apply in any case where an employee or applicant for employment alleges that a personnel action appealable to the Board was taken, in whole or in part, on the basis of prohibited discrimination.

(2) "Prohibited discrimination" as used in this subpart means discrimination prohibited by:

\*     \*     \*

(iii) Section 501 of the Rehabilitation Act of 1973, as amended (29 U.S.C. 791);

\*     \*     \*

(b) Policy. It is the policy of the Board to adjudicate impartially, thoroughly and fairly all issues raised under this subpart in the course of an action brought before the Board. In doing so *the Board will allow appellants an opportunity to raise allegations of discrimination during the appeals process* and to fully present evidence in support of the charges raised.

(Emphasis supplied)

It is clear from the above policy provision of the regulation that a discrimination issue may be raised at any time during the appeals process. This is made even more explicit by the following regulation:

§ 1201.156 Time for processing appeals involving allegations of discrimination.

(a) Issue raised in petition. When an appellant alleges prohibited discrimination in the petition for appeal, the Board shall decide both the issue of discrimination and the appealable action within 120 days of the filing of the appeal.

(b) Issue not raised in petition. When an appellant has not alleged prohibited discrimination in the petition for appeal, but has raised the issue subsequently in the proceeding, the Board shall decide both the issue of discrimination and the appealable action within 120 days after the issue is raised.

Subparagraph (a) of this regulation allows an employee to raise a discrimination issue in his petition for appeal, which was done in the instant case. Furthermore, the board not only has jurisdiction of the issue but also is required to decide it. Subparagraph (b) allows an employee who has not raised a discrimination issue in his petition for appeal to raise it subsequently while it is pending before the board, and the board is required to decide it. Under these regulations, if an aggrieved employee raises the issue for the first time, either in his petition for appeal to the board under subsection (a) or subsequently under subsection (b), he obviously has not raised it earlier before the arbitrator, yet under the regulations the board is required to decide the issue in either situation. We conclude that the employee does not have to raise the issue before the arbitrator in order for the board to have jurisdiction to decide it.

5 C.F.R. § 1201.155 allows a discrimination issue to be raised before the board after the appeal petition is filed *only* if the petitioner did not know of the existence of a basis for the allegation at the time the petition for appeal was filed. Here the issue was not raised after the appeal was filed, but was raised and included in the petition for appeal filed with the board. Consequently, § 1201.155 is not applicable to this case.

Our attention has been called to the arbitration case of *Rodriguez v. Merit Systems Protection Board*, 804 F.2d 673 (Fed.Cir. 1986), where the Merit Systems Protection Board (board) dismissed an appeal for lack of jurisdiction because the appellant had previously grieved his claim under a negotiated grievance procedure and because no prohibited discrimination had been alleged during the grievance procedure. However, the facts in that case show that prohibited discrimination was not alleged either before the arbitrator or before the board. In other words, the issue was never raised at any stage of the proceedings and was not, therefore, an issue in the case. The government's brief in that case directly implies that if Rodriguez had raised discrimination before the board, the board would have had jurisdiction. That is the situation in the case before us where Jones explicitly raised the issue in his petition for review filed with the board. Consequently, we conclude that there is no conflict between *Rodriguez* and our decision in the instant case.

We hold that the board had jurisdiction of petitioner's appeal even though he had first proceeded through the negotiated procedure of arbitration. We hold further that the petitioner was not required to raise the issue of handicap discrimination before the arbitrator and that he timely raised it in his petition for review filed with the board, and that the board had jurisdiction of the issue and was required to decide it. The decision of the board is reversed and the case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.