989 F.2d 1203
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Richard BALDERAS, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3475.
 United States Court of Appeals, Federal Circuit.
 Feb. 17, 1993.
 
 Before PLAGER and SCHALL, Circuit Judges, and CURTIN, Senior District Judge.[1]
 PER CURIAM.
 
 
 1
 Petitioner Richard Balderas seeks review of a decision of the respondent Merit Systems Protection Board (the Board), which dismissed for want of jurisdiction petitioner's appeal from an arbitrator's decision, which found that the matter was not arbitrable. We affirm.
 
 BACKGROUND
 
 2
 Petitioner was employed by the Defense Logistics Agency (the Agency) as a warehouse worker. Effective July 5, 1991, the Agency removed petitioner from his position on a charge of falsification of official documents. Petitioner subsequently elected to enlist the assistance of his union representative to file a grievance pursuant to the negotiated grievance procedure. In a decision issued on November 25, 1991, the arbitrator dismissed the grievance for its untimeliness, thereby finding the matter to be nonarbitrable.
 
 
 3
 On December 23, 1991, appellant filed a request with the Board for review of the arbitrator's decision. The Board discerned that petitioner failed to allege any prohibited personnel practice in his petition for review or on the record before the arbitrator below. Accordingly, the Board found that it lacked jurisdiction under 5 U.S.C. § 7121(d), § 7702(a)(1), and § 2302(b)(1) (1988) to review the arbitrator's decision.
 
 
 4
 Petitioner filed pro se to review the findings of the Board on July 17, 1992. For the first time, on appeal to this court, petitioner included an allegation that he was a member of a protected group and that he received treatment disparate from that of another employee who was not a member of his group. Petitioner also maintained that the difference in treatment that he received resulted from an intent to discriminate against one in petitioner's group. In a subsequent letter, which was filed with this court for purposes of information and guidance on July 27, 1992, petitioner reverted to arguing the merits of his case below. Unfortunately, he also failed in that letter to develop further information on his purported protected group.
 
 DISCUSSION
 
 5
 This court has jurisdiction under 28 U.S.C. § 1295(a)(9) to review a final decision of the Board pursuant to 5 U.S.C. § 7703(b)(1). The issues before the court concern the jurisdiction of the Board to hear an appeal from the arbitrator's final decision. Petitioner contends that the Board should invoke jurisdiction to hear the merits of his case, or should review the arbitrator's decision to dismiss the grievance as untimely.
 
 
 6
 The Board's decision may be reversed only if its decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). The appellate jurisdiction of the Board is not plenary, but is limited to those matters specifically conferred upon it by Congress, rule or regulation. Saunders v. Merit Systems Protection Board, 757 F.2d 1288, 1290 (Fed.Cir.1985).
 
 
 7
 Petitioner's contentions that the Board either should have reached the merits of his case or reviewed the final decision of the arbitrator are groundless. Under 5 U.S.C. § 7121(e)(1) (1988), a petitioner who initiates a grievance thereby waives his right to appeal the agency's action directly to the MSPB. Rodriguez v. Merit Systems Protection Bd., 804 F.2d 673, 675 (Fed.Cir.1986). The Board may review an arbitrator's decision, pursuant to 5 U.S.C. § 7121(d) (1988) and § 7702(a)(1) (1988), only if the employee was affected by a personnel action within the Board's appellate jurisdiction which constitutes a prohibited personnel practice under 5 U.S.C. § 2302(b)(1) (1988). See Jones v. Department of Navy, 898 F.2d 133, 135 (Fed.Cir.1990); see also Rodriguez, 804 F.2d at 675-76 (Fed.Cir.1986).
 
 
 8
 At no point did petitioner argue before either the arbitrator or the Board that his removal resulted from unlawful discrimination. See Jones, 898 F.2d at 135. Moreover, once petitioner finally alleged that he was a member of some unidentified protected group, he was too late. Since petitioner did not raise his claim of discrimination to either the Board or the arbitrator, he cannot raise it now before this court. Synan v. Merit Systems Protection Board, 765 F.2d 1099, 1101 (Fed.Cir.1985).
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 The Honorable John Thomas Curtin, United States District Court for the Western District of New York, sitting by designation