6 F.3d 787
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Milton B. JACKSON, Petitioner,
v.
DEPARTMENT OF the TREASURY, Respondent.
 No. 92-3510.
 United States Court of Appeals, Federal Circuit.
 Sept. 13, 1993.
Rehearing Denied Oct. 4, 1993.
 
 Before PLAGER, Circuit Judge, SKELTON, Senior Circuit Judge, and LOURIE, Circuit Judge.
 PLAGER, Circuit Judge.
 
 
 1
 Mr. Jackson appeals the final decision of the Merit Systems Protection Board (Board),[1] Dkt. No. NY0432920036-I-1, dismissing his appeal for lack of timeliness and lack of jurisdiction. We affirm.
 
 BACKGROUND
 
 2
 Mr. Jackson was employed as a personnel actions clerk by the Internal Revenue Service of the Department of the Treasury (agency). On August 24, 1989, the agency issued a letter notifying Mr. Jackson of the agency's decision to separate him from the federal service, effective August 25, 1989, for unsatisfactory performance (agency action). The letter was presented to Mr. Jackson on August 24, 1989.[2] The letter specifically advised Mr. Jackson that there were two mutually exclusive options available to him in the event he wished to challenge the agency action: a Board appeal and a grievance under the collective bargaining agreement between the agency and his union. It also advised him of the procedures he was required to follow for each option.
 
 
 3
 On September 16, 1989, Mr. Jackson initiated a grievance challenging the agency action. An arbitrator was appointed, and on November 6, 1990, the arbitrator issued a decision denying the grievance.
 
 
 4
 On September 25, 1991 or October 15, 1991,[3] almost a year later, Mr. Jackson filed a Board appeal. On February 6, 1992, the AJ issued the decision that gave rise to this appeal. As stated, the AJ dismissed the appeal for lack of timeliness and lack of jurisdiction. On February 6, 1992, that decision became final when the Board denied Mr. Jackson's petition for review. This appeal followed.
 
 DISCUSSION
 I.
 
 5
 As a preliminary matter, it is unclear from the record whether Mr. Jackson's Board appeal was an appeal from the agency action, or an appeal from the arbitrator's decision. If the former, then the Board lacked jurisdiction over the appeal pursuant to 5 U.S.C. Sec. 7121(e)(1) (1988), which provides in relevant part:
 
 
 6
 [Adverse agency actions] which also fall within the coverage of the negotiated grievance procedure may, in the discretion of the aggrieved employee, be raised either [through a direct appeal to the Board] or under the negotiated grievance procedure, but not both.
 
 
 7
 * * *
 
 
 8
 * * *
 
 
 9
 An employee shall be deemed to have exercised his option under this subsection ... at such time as the employee timely files a notice of appeal ... or timely files a grievance in writing ..., whichever occurs first.
 
 
 10
 That section provides that once an aggrieved employee has made the choice of following one of the two available paths for challenging an agency's adverse action--a direct appeal to the Board, or a grievance--the other is forever waived. See Rodriguez v. Merit Sys. Protection Bd., 804 F.2d 673, 675 (Fed.Cir.1986). Since Mr. Jackson decided to file a grievance, he waived his right to file a direct Board appeal.
 
 
 11
 Under 5 U.S.C. Sec. 7121(d) (1988), however, Mr. Jackson did not necessarily waive his right to appeal the arbitrator's decision.[4] Since that section is the only conceivable basis for the Board's jurisdiction in this case, we will treat Mr. Jackson's appeal as an appeal from the arbitrator's decision.[5]
 
 II.
 
 12
 Pursuant to 5 C.F.R. Sec. 1201.154(d) (1992), Mr. Jackson had twenty-five days from the date of issuance of the arbitrator's decision to file an appeal with the Board. Since his appeal was filed outside this time period, it was untimely.
 
 
 13
 On appeal to this court, Mr. Jackson argues that the delay was caused by the lack of adequate instructions given him by the agency regarding where and how to file a Board appeal. Specifically, according to Mr. Jackson, the agency failed to advise him of his right to appeal the arbitrator's decision to the Board, failed to provide him with the address of where to file such an appeal, and failed to provide him with a copy of the Board's rules and regulations governing such an appeal. Under these circumstances, according to Mr. Jackson, there was good cause for the delay.
 
 
 14
 The AJ to the contrary specifically found that Mr. Jackson was presented with the agency's decision letter on August 24, 1989, and Mr. Jackson has not shown this finding to be in error. That letter specifically advised Mr. Jackson of his right to appeal the arbitrator's decision to the Board, the procedures that must be followed to pursue such an appeal, the address of the appropriate regional office of the Board for filing such an appeal, and the name of a specific Labor Relations Specialist to contact for additional information about filing such an appeal. Moreover, the letter indicated that a copy of the Board's regulations was enclosed with the letter. It can thus reasonably be inferred that it was presented to him as well. Accordingly, Mr. Jackson has not shown any justifiable excuse for the delay, and thus has failed to establish good cause for a waiver. See Alonzo v. Department of Air Force, 4 M.S.P.R. 180, 184 (1980). The Board did not err in dismissing the appeal for lack of timeliness.[6]
 
 CONCLUSION
 
 15
 For the foregoing reasons, we affirm the decision of the Board.
 
 
 
 [1]
 The Administrative Judge (AJ) issued an initial decision on February 6, 1992. That decision became final on June 1, 1992, when the Board denied Mr. Jackson's petition for review
 
 
 [2]
 Although Mr. Jackson refused to acknowledge receipt of the letter, he apparently did in fact receive it
 
 
 [3]
 The appeal was personally delivered to the appropriate regional office of the Board on September 25, 1991. However, it was not deemed to be effective until October 15, 1991
 
 
 [4]
 That section provides that the Board has jurisdiction to review an arbitrator's final decision in the instance where there is an allegation of illegal discrimination. See Jones v. Department of Navy, 898 F.2d 133, 135 (Fed.Cir.1990)
 
 
 [5]
 The AJ ultimately found the Board lacked jurisdiction because Mr. Jackson's allegations of discrimination were frivolous. As discussed later in this opinion, we have concluded we do not need to address this issue
 
 
 [6]
 In view of our disposition of the timeliness issue, we do not need to address the jurisdictional issue of whether Mr. Jackson's allegations of discrimination were frivolous