NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAVERNE F. BASS,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3086

---

Petition for review of the Merit Systems Protection Board in case no. CB7121110022-V-1.

---

Decided: September 10, 2012

---

LAVERNE F. BASS, Billings, Montana, pro se.

JEFFREY A. GAUGER, Attorney, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before DYK, CLEVENGER, and WALLACH, *Circuit Judges*.

PER CURIAM.

Laverne F. Bass ("Bass") petitions for review of a final decision of the Merit Systems Protection Board ("Board") dismissing his appeal from an arbitration decision for lack of jurisdiction. *Bass v. Dep't of Labor*, No. CB-7121-11-0022-V-1 (M.S.P.B. Dec. 13, 2011). We *affirm*.

BACKGROUND

Bass was appointed to the position of Program Analyst at the Occupational Safety and Health Administration ("OSHA") beginning June 6, 2010. The appointment with OSHA was subject to the completion of a one-year probationary period. On August 13, 2010, OSHA notified Bass that his appointment would be terminated effective September 3, 2010, for reasons related to his performance.

Pursuant to a collective bargaining agreement, Bass invoked arbitration to grieve his termination. Bass contended that he was an "employee" with appeal rights under title 5 because he had previously worked at the U.S. Department of the Interior ("DOI") in a similar position from April 1980 through April 2000. He asserted that his prior federal service with DOI should be "tacked on" to his service with OSHA, thereby eliminating the need for him to complete a second probationary period. The arbitrator denied the grievance, concluding that Bass "was serving a 'probationary period' at the time of his discharge and, therefore was not an 'employee' with adverse action appeal rights." *U.S. Dep't of Labor v. Am. Fed'n of Gov't Emps., Local 12*, No. L12-ARB-01060, slip op. at 11 (June 14, 2011) (Javits, Arb.). The arbitrator explained that his previous service could not be tacked on because it was not with the same federal agency and there was a break of more than 30 days between the two positions.

Bass sought Board review of the arbitrator's decision under 5 U.S.C. § 7121(d). The Board dismissed Bass's request for review for lack of jurisdiction because Bass did not allege discrimination in connection with the underlying action as required by section 7121(d). Bass timely appealed to this Court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Under 5 U.S.C. § 7703(c), we may only set aside agency actions, findings, or conclusions of law found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which we review de novo. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995).

Instead of seeking review of the arbitrator's decision in this court pursuant to 5 U.S.C. § 7121(f), Bass sought to invoke the Board's jurisdiction pursuant to section 7121(d). Section 7121(d) provides that an aggrieved employee who contested the action through arbitration has an absolute right to request Board review of the arbitrator's decision where the employee alleges that he was affected by a prohibited personnel practice as defined in 5 U.S.C. §§ 2302(b)(1) and 7702, i.e., discrimination on the basis of race, color, religion, sex, national origin, age, disability, marital status, or political affiliation. *See Jones v. Dep't of the Navy*, 898 F.2d 133, 134 (Fed. Cir. 1990). But where, as here, the employee does not raise such allegations of discrimination before the arbitrator, the employee must seek review in this court. *See* 5 U.S.C. § 7121.

Bass did not raise allegations of discrimination before the arbitrator, before the Board, or even before us on appeal. The Board therefore did not have jurisdiction under section 7121(d) to review the arbitrator's decision. *See Rodriguez v. Merit Sys. Prot. Bd.*, 804 F.2d 673, 676 (Fed. Cir. 1986). While Bass contends that the arbitrator improperly failed to consider his twenty years of prior federal service in determining whether he had appeal rights under title 5, that is irrelevant to the issue of appealability.

COSTS

No costs.