NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARIA LAVINIA JONES,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3072

---

Petition for review of the Merit Systems Protection Board in No. CB-7121-13-0111-V-1.

- - - - - - - - - - - - - - - - - - - -

**MARIA LAVINIA JONES,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3081

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-13-0168-I-1.

———————————

Decided: October 8, 2014

———————————

MARIA LAVINIA JONES, of Cheltenham, Maryland, pro se.

MICHAEL A. CARNEY, General Attorney, and CALVIN M. MORROW, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With them on the briefs was BRYAN G. POLISUK, General Counsel.

———————————

Before LOURIE, REYNA, and TARANTO, *Circuit Judges.*

PER CURIAM.

These consolidated appeals stem from an agency decision to remove Maria Lavina Jones ("Jones") from federal employment. Jones appeals from a final decision and a final order of the Merit Systems Protection Board (the "Board") in companion cases that dismissed for lack of jurisdiction (1) a request for review of an arbitrator's decision denying a grievance challenge to her removal as barred by Board regulations and (2) a merits appeal of the initial removal decision itself as barred by her prior election of the grievance process. *Jones v. Dep't of Energy*, No. CB-7121-13-0111-V-1, 120 M.S.P.R. 480 (2013) ("*Jones I*"); No. DC-0752-13-0168-I-1 (M.S.P.B. Jan. 27, 2014) ("*Jones II*"). Because the Board did not err in denying the petitions, we affirm.

BACKGROUND

Jones was employed as a Program Analyst in the Office of Budget and Financial Management within the

Office of Fossil Energy at the U.S. Department of Energy (the "agency"). Beginning in January 2011, the agency placed Jones on a Performance Improvement Plan ("PIP") for a period of 120 days. Appeal No. 2014-3072 Resp't's App. 14. Upon the conclusion of the PIP, the agency proposed to remove Jones from her position for unacceptable performance effective February 17, 2012. *Id.* at 14, 26–34. The agency's final decision stated that key factors it considered were the inability to perform essential duties of the position, the inability to improve despite assistance provided, and the impact of unsatisfactory performance on the office. *Id.* at 31. The agency's removal decision notified Jones of her right to appeal to the Board and the time limit for doing so or, in the alternative, of her right to request that the National Treasury Employees Union seek arbitration pursuant to an applicable collective bargaining agreement. *Id.* at 31–33.

Jones elected to seek review of the agency's removal decision through the negotiated grievance procedures of the collective bargaining agreement, and the Union timely invoked arbitration on the issue stipulated by the parties: whether the agency provided Jones with a reasonable opportunity to improve her performance before removing her from federal service and, if not, what the remedy should be. *Id.* at 15.

After conducting a hearing on August 12, 2012, the arbitrator issued a decision on November 3, 2012, which denied Jones's grievance and found that the agency had met its burden of establishing by substantial evidence that Jones was given a reasonable opportunity to improve her performance under 5 U.S.C. § 4303, as interpreted by 5 C.F.R. § 432.104 and applicable provisions of the collective bargaining agreement, and that the agency's decision to remove her for unacceptable performance was reasonable. *Id.* at 13–25. The arbitrator specifically found that there had been "no verbal abuse, no insults nor harassment which interfered with [Jones's] ability to

work" in response to her allegations of "bias, hostility or the presence of a predetermined outcome." *Id.* at 23.

On December 2, 2012, Jones filed an appeal of her removal with the Board. *Id.* at 35–45. In that appeal, Jones alleged that the agency's action was in retaliation for an Equal Employment Opportunity ("EEO") complaint that she had filed. *Id.* at 38–40. On February 14, 2013, the administrative judge (the "AJ") issued an order noting that Jones had filed a grievance concerning her removal prior to filing her appeal and that 5 U.S.C. § 7121(e)(1) required an employee challenging an adverse action to choose between either one of an applicable negotiated grievance procedure or an appeal to the Board. *Id.* at 46. That order also noted that the record contained evidence that Jones had resigned her position on February 16, 2012, which was one day prior to the effective date of her removal. *Id.* at 47. The AJ ordered Jones to clarify the nature of her appeal and to address whether she was appealing a removal for unacceptable performance or was claiming an involuntary resignation by coercion or misrepresentation. *Id.*

In a second order issued March 18, 2013, the AJ noted that in her response to the February order, Jones stated that she intended that the Board review her appeal "based on discrimination and legal errors that were made by the Arbitrator." *Id.* at 49. The AJ determined that such a request was not within his jurisdiction and transferred the case to the Board for further consideration. *Id.* at 50. However, the AJ retained jurisdiction over what he construed as Jones's involuntary retirement claim on the ground that it had not been raised before the arbitrator. *Id.* Upon receipt of the transferred case, the Clerk of the Board issued a Notice to the Parties that a new docket number CB-7121-13-0111-V-1 had been assigned to the request for review of the arbitration decision, while the previous appeal stemming from Jones's December 2012

filing remained docketed under number DC-0752-13-0168-I-1. *Id.* at 52.

The AJ subsequently issued an initial decision relating to the retained case in which he found that Jones had failed to satisfy the standard for establishing jurisdiction over what he had construed as a claim for involuntary retirement. Appeal No. 2014-3081 Resp't's App. 6–14. (March 21, 2013). On petition for review from that decision, the Board found that the AJ had erred in construing Jones's appeal as raising a separate claim for involuntary requirement. *Id.* at 1–5 (Jan. 27, 2014); *Jones II* at 3. The Board therefore concluded that Jones's appeal had raised only a challenge to her removal, which was precluded under 5 U.S.C. § 7121(e)(1) because she had earlier elected to pursue such challenge through the negotiated grievance procedures. *Jones II* at 3–4. The Board consequently denied the petition for review and affirmed the AJ's initial decision as modified by the Board's own final order and dismissed that appeal for lack of jurisdiction. *Id.* at 2.

The Board issued a decision on December 31, 2013 in the appeal from the arbitration decision in which it likewise dismissed for lack of jurisdiction in view of its amended regulation, 5 C.F.R. § 1201.155(c), which went into effect on November 13, 2012, and provides that, in cases in which the negotiated grievance procedure permits allegations of discrimination, the Board will review only those claims of discrimination that were raised in the negotiated procedure. *Jones I*, 120 M.S.P.R. 480, ¶¶ 3, 9–11. The Board found that the collective bargaining agreement governing Jones's arbitration allowed for claims of discrimination to be raised in the course of that grievance proceeding, but that Jones had not raised a claim of discrimination under 5 U.S.C. § 2302(b)(1). *Id.* Applying its new jurisdictional standard, the Board thus dismissed Jones's request for review of the arbitrator's decision for lack of jurisdiction. *Id.*

Jones appealed to this court from both rulings under 28 U.S.C. § 1295(a)(9), which only provides us with jurisdiction over appeals from a final order or a final decision of the Board pursuant to 5 U.S.C. § 7703(b)(1) and (d).

## DISCUSSION

Before addressing the merits of the Board's decisions to dismiss for lack of jurisdiction, we must first address whether we have jurisdiction to review the Board's rulings under the Civil Service Reform Act of 1978, 5 U.S.C. § 1101 *et seq.* The district court, not this court, is vested with jurisdiction over any mixed case appeal that the Board resolves either on the merits or on procedural grounds. *Kloeckner v. Solis*, 568 U.S. __, 133 S. Ct. 596, 607 (2012). A mixed case is one that involves allegations of unlawful discrimination as well as other grounds for appealing an adverse action. *Conforto v. Merit Sys. Prot. Bd.*, 713 F.3d 1111, 1115–16 (Fed. Cir. 2013). In *Conforto*, we held that the ruling in *Kloeckner* concerning district court jurisdiction did not extend to the Board's dismissal for lack of jurisdiction, and therefore that an appeal from the Board's dismissal for lack of jurisdiction properly belongs in this court. *Id.* at 1117. We thus possess jurisdiction to decide the instant companion appeals.

However, the scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law, which we review without deference. *Kelly v. Merit Sys. Prot. Bd.*, 241 F.3d 1368, 1369 (Fed. Cir. 2001). We are, however, bound by the Board's factual findings on which a jurisdictional

determination is based unless those findings are not supported by substantial evidence. *See Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

Jones argues that the Board erred in dismissing her appeals for lack of jurisdiction because her discrimination claim was before the arbitrator. The government responds that the Board correctly dismissed Jones's petition for review of the grievance proceeding because there is no evidence in the record that a discrimination claim was raised before the arbitrator and that the Board correctly dismissed the merits appeal of the agency's initial removal decision as statutorily barred due to Jones's election of the grievance process in the first instance.

We agree with the government that the Board lacked jurisdiction over Jones's appeals. The Board's jurisdiction is not plenary, but is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008).

The record reflects that Jones's representative during the arbitration hearing acknowledged that "we're not here on the EEO issue" and that, in a submission to the AJ on February 28, 2013, Jones herself acknowledged, "My case that was heard before the arbitrator did not address retaliation." Appeal No. 2014-3072 Resp't's App. 101–02. Moreover, the parties had stipulated that the issue to be addressed was the adequacy of Jones's PIP. *Id.* at 15.

Jones does not challenge the validity of the Board's new regulation codified at 5 C.F.R. § 1201.155(c), which the Board expressly acknowledged was designed "to restore the rule that existed prior to the Federal Circuit's decision in" *Jones v. Department of the Navy*, 898 F.2d 133 (Fed. Cir. 1990). *Jones I*, 120 M.S.P.R. 480, ¶¶ 6, 7, n.4; 77 Fed. Reg. 33663, 33669 (June 7, 2012). In that 1990 *Jones* case, we abrogated the Board's then-existing interpretation of the statutory and regulatory scheme as

requiring a petitioner to raise the issue of discrimination to the arbitrator under a negotiated grievance procedure in the first instance or else be deprived of review of that issue by the Board for lack of jurisdiction. *Jones*, 898 F.2d at 134–36. We held that nothing in the then-relevant statutory and regulatory framework supported the Board's interpretation. *Id.* at 136. As amended, the Board's regulation now provides:

> Scope of Board Review. If the negotiated grievance procedure permits allegations of discrimination, the Board will review only those claims of discrimination that were raised in the negotiated procedure. If the negotiated procedure does not permit allegations of discrimination to be raised, the appellant may raise such claims before the Board.

5 C.F.R. § 1201.55(c) (2013).

The record reflects that Jones's governing collective bargaining agreement allowed for claims of discrimination to be raised in the course of a grievance proceeding. *Jones I* at 485. In view of the foregoing, we affirm the Board's finding that Jones did not raise her EEO retaliation claim in the proceeding before the arbitrator as supported by substantial evidence and conclude that the Board did not err in dismissing the request for review under 5 U.S.C. § 7121(d) for lack of jurisdiction in accordance with its new regulation.

We turn then to the Board's decision to dismiss Jones's remaining appeal for lack of jurisdiction on the grounds that the AJ should not have construed the appeal of the grievance decision as raising a separate involuntary retirement claim and that such appeal was precluded by Jones's prior election of the grievance process. *Jones II* at 3–4.

In view of the fact that Jones decided to retire one day prior to the effective date of her removal action, the Board determined that the AJ erred in construing Jones's initial appeal as raising a separate involuntary retirement claim because, "[u]nder similar circumstances, the Board has analyzed joint removal and retirement claims as removal actions, without regard to the voluntariness of the retirement decision." *Jones II* at 3. The Board thus adjudicated the appeal at issue as directed to the merits of the initial removal action pursuant to 5 U.S.C. § 4303, which is an underlying premise that we have been given no basis to disturb. *Id.* (citing *Paula v. Soc. Sec. Admin.*, 119 M.S.P.R. 138, ¶ 13 (2013); *Scalese v. Dep't of the Air Force*, 68 M.S.P.R. 247, 248–49 (1995)) (internal quotation marks omitted). Indeed, Jones herself argues that we "should allow the involuntary retirement claim[] because it was before the arbitrator." Appeal No. 2014-3081 Pet'r's App. 5.

The governing statute permitting a federal employee to challenge an adverse agency action provides, in pertinent part, that matters relating to removal actions based on unacceptable performance covered under § 4303,

> which also fall within the coverage of the negotiated grievance procedure may, in the discretion of the aggrieved employee, be raised either under the appellate procedures of section 7701 . . . or under the negotiated grievance procedure, *but not both* . . . . An employee shall be deemed to have exercised his option . . . at such time as the employee timely files a notice of appeal . . . or timely files a grievance . . . whichever event occurs first.

5 U.S.C. § 7121(e)(1) (emphasis added).

Accordingly, we have long held that aggrieved federal employees have the choice of two paths to challenge an agency's adverse action under § 7121(e)(1), but that "[o]nce a timely filing is made to pursue a path, the other

is forever waived." *Rodriguez v. Merit Sys. Prot. Bd.*, 804 F.2d 673, 675 (Fed. Cir. 1986); *Whitaker v. Merit Sys. Prot. Bd.*, 784 F.2d 1109 (Fed. Cir. 1986). "In order to comply with the statute, the agency must properly inform an employee of her choices." *Atanus v. Merit Sys. Prot. Bd.*, 434 F.3d 1324, 1327 (Fed. Cir. 2006) (citing *Johnson v. U.S. Dep't of Labor*, 26 M.S.P.R. 447, 450 (1985)).

The record here reflects that the agency's removal notice informed Jones of her choices and that she elected to pursue a grievance process challenging the merits of her removal under the applicable collective bargaining agreement rather than to pursue a direct appeal before the Board. Appeal No. 2014-3072 Resp't's App. 31–33. The Board thus properly dismissed Jones's remaining appeal as construed for lack of jurisdiction because such appeal was barred by her prior election of that grievance process under § 7121(e)(1).

CONCLUSION

For the foregoing reasons, we conclude that the Board's factual findings underlying its jurisdictional determination relating to review of Jones's grievance proceeding are supported by substantial evidence and accordingly sustain the Board's decision to dismiss that petition. Because of Jones's prior election to pursue a grievance process under the applicable collective bargaining agreement, we further conclude that the Board properly dismissed Jones's remaining appeal challenging the merits of her removal action for lack of jurisdiction pursuant to 5 U.S.C. § 7121(e)(1). We have considered Jones's remaining arguments and conclude that they are either without merit or unpersuasive. The decisions of the Board are therefore affirmed.

**AFFIRMED**

COSTS

No costs.