# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TOMEKA D. LASURE,
                    Appellant,

              v.

DEPARTMENT OF VETERANS
    AFFAIRS,
                    Agency.

DOCKET NUMBER
CB-7121-15-0034-V-1

DATE: December 31, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Donald L. Fowler</u>, Tacoma, Washington, for the appellant.

<u>Mary C. Lee</u>, Walla Walla, Washington, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 Pursuant to 5 U.S.C. § 7121(d), the appellant has requested review of an arbitration decision. For the reasons that follow, we DISMISS the appellant's request for review for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

¶2　　　　The appellant filed a request for review of a July 10, 2015 arbitration decision, which denied her grievances regarding the agency's admonishing her for being absent without leave (AWOL) and failing to follow instructions; issuing her a letter of reprimand for other instances of AWOL and failure to follow instructions; and removing her from Federal service for AWOL, failure to follow instructions, and conduct unbecoming.  Request for Review (RFR) File, Tab 1, Tab 2 at 333-57.  The agency did not respond to the appellant's request for review.

¶3　　　　The Board has jurisdiction over a request for review of an arbitration decision when:  (1) the subject matter of the grievance is one over which the Board has jurisdiction; (2) the appellant either (i) raised a claim of discrimination under 5 U.S.C. § 2302(b)(1) with the arbitrator in connection with the underlying action, or (ii) raises a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) for the first time with the Board if such allegations could not be raised in the negotiated grievance procedure; and (3) a final decision has been issued.[2]  *Jones v. Department of Energy*, 120 M.S.P.R. 480, ¶ 8 (2013), *aff'd*, 589 F. App'x 972 (Fed. Cir. 2014); 5 C.F.R. § 1201.155(a)(1), (c).

¶4　　　　The appellant alleged before the arbitrator that the agency discriminated against her because of her participation in union activity, which is a prohibited personnel practice under 5 U.S.C. § 2302(b)(9).  RFR File, Tab 2 at 344, 347, 355-57.  She reiterates this claim before the Board.  RFR File, Tab 1 at 8, 11, 15, 40, 44-46, 48, Tab 4 at 5, 11-13.  However, she has not raised a claim of prohibited discrimination under 5 U.S.C. § 2302(b)(1), either before the arbitrator or the Board.[3]  Accordingly, we must dismiss the appellant's request for review of the arbitrator's decision for lack of jurisdiction.

---

[2] The appellant was aware of these requirements.  RFR File, Tab 1 at 47-48.

[3] The full Master Agreement is not in the record; however, we need not determine whether the appellant was precluded from raising a claim of discrimination under

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

---

5 U.S.C. § 2302(b)(1) through the negotiated grievance procedure because, regardless, she did not do so in her request for review.

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.