# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARTIN CARRINGTON,<br>　　　　　Appellant, | DOCKET NUMBER<br>CB-7121-16-0015-V-1 |
| v. | |
| DEPARTMENT OF HOMELAND<br>　SECURITY,<br>　　　　　Agency. | DATE: June 29, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gerald L. Gilliard, Esquire, Washington, D.C., for the appellant.

Suzanne N. Almetica, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　　The appellant has filed a request for review of an arbitration decision concerning his removal from law enforcement officer status. For the reasons set forth below, we DISMISS the request for review for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

Effective April 26, 2012, the agency removed the appellant from his position as a Customs and Border Protection Officer (CBPO). Request for Review (RFR) File, Tab 1, Exhibit (Ex.) B. The union requested arbitration on his behalf. *Id*. On September 10, 2013, the arbitrator issued a decision finding that the appellant's removal from his CBPO position promoted the efficiency of the service but that the agency was required to consider him for any vacant, non law enforcement positions for which he was qualified. *Id*.

On February 3, 2016, the appellant filed a request for review of the arbitrator's decision. RFR File, Tab 1. In his request, he argued that the agency failed to provide reasonable accommodation for his disability. *Id*. The agency has filed a response, in which it argues that the appellant's request should be dismissed for lack of jurisdiction and as untimely filed. RFR File, Tab 4.

## ANALYSIS

The Board has authority to review arbitration decisions under limited circumstances. *See* 5 U.S.C. § 7121(d); *Sadiq v. Department of Veterans Affairs*, 119 M.S.P.R. 450, ¶ 4 (2013). Under the Board's current regulations, the Board has jurisdiction over a request for review of an arbitration decision when and only when the following conditions are met:

> (1) the subject matter of the grievance is one over which the Board has jurisdiction;
>
> (2) the appellant either
>
>> (a) raised a claim of discrimination under 5 U.S.C. § 2302(b)(1) with the arbitrator in connection with the underlying action, or
>>
>> (b) raises a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) for the first time with the Board if such allegations could not be raised in the negotiated grievance procedure; and
>
> (3) a final decision has been issued.

*Jones v. Department of Energy*, 120 M.S.P.R. 480, ¶ 8 (2013), *aff'd*, 589 F. App'x 972 (Fed. Cir. 2014); 5 C.F.R. § 1201.155(a)(1), (c).  These regulations went into effect on November 13, 2012, and therefore apply to the appellant's request for review, which was filed after that date.  *Jones*, 120 M.S.P.R. 480, ¶ 10 n.5; 77 Fed. Reg. 62350, 62360 (Oct. 12, 2012).

¶5        Here, conditions (1) and (3) are satisfied.  As to condition (2), the record reflects that the appellant did not raise a claim of discrimination before the arbitrator.  RFR File, Tab 1, Ex. A.  Hence, whether condition (2) is satisfied turns on whether the appellant could have raised his discrimination claim in the negotiated grievance procedure.  We take official notice that employees in the appellant's bargaining unit may grieve allegations of discrimination pursuant to Article 47 of the National Collective Bargaining Agreement (CBA) between U.S. Customs and Border Protection and the National Treasury Employees Union.  *See* 5 C.F.R. § 1201.64 (providing that the Board may take official notice of matters that can be verified).[2]  Because the appellant could have raised his discrimination claim before the arbitrator, but did not, condition (2) is not satisfied, and the Board therefore lacks jurisdiction over his request for review.[3]

---

[2] The original CBA, which went into effect on May 11, 2011, is available at http://www.nteu164.org/Site%20Documents/Contract%20Information/20110511_CBP-NTEU%20Contract.pdf.   The current version, as revised in October 2013, is available at http://www.nteu164.org/Site%20Documents/Contract%20Information/20131001_Revised.pdf  (last visited June 29, 2016).  The revised CBA incorporates changes to Article 47 made pursuant to an April 1, 2013 Memorandum of Understanding, which is available at http://www.nteu164.org/Site%20Documents/Contract%20Information/20130401_Article%2047%20EEO%20MOU.pdf   (last visited June 29, 2016).  These changes do not affect the outcome of this case.

[3] Having determined that the Board lacks jurisdiction, we do not address the apparent untimeliness of the appellant's request for review.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                             Jennifer Everling
                             Acting Clerk of the Board

Washington, D.C.