## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CARTY MYERS,
               Appellant,

        v.

UNITED STATES POSTAL SERVICE,
               Agency.

DOCKET NUMBER
CB-7121-18-0003-V-1

DATE: June 28, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Carty Myers, Bridgeport, Connecticut, pro se.

Krista M. Irons, New York, New York, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a request for review of an arbitration decision that dismissed as untimely his grievance of the agency's decision to remove him. For the reasons set forth below, we DISMISS the request for review for lack of jurisdiction. However, we FORWARD the appellant's submission to the Northeastern Regional Office for docketing as an appeal challenging his removal.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2    The appellant was a City Carrier before his removal in July 2015.  Request for Review (RFR) File, Tab 1 at 5.  There is a dispute about when the appellant received notice of his removal, but, on or about July 28, 2015, his union filed a grievance on his behalf pursuant to procedures set forth in the governing collective bargaining agreement (CBA).  *Id.* at 4-5.  On February 12, 2016, the arbitrator issued a decision dismissing the grievance as untimely filed, pursuant to the 14-day deadline set forth in the CBA.  *Id.* at 7-10.

¶3    On November 1, 2017, the appellant filed a request for review of the arbitrator's decision with the Board.  *Id.* at 1-2, 11.  The Clerk of the Board issued an acknowledgment order, notifying the appellant, in part, that his request for review appeared to be untimely filed and ordering the appellant to file evidence and argument to prove that his request was timely or that good cause existed for any delay.  RFR File, Tab 2 at 3 (citing *Kirkland v. Department of Homeland Security*, 119 M.S.P.R. 74, ¶ 4 (2013); 5 C.F.R. § 1201.155(b)).  The appellant did not file a response to the acknowledgment order.  The agency filed a motion to dismiss the request for review for lack of jurisdiction or, in the alternative, to dismiss the request as untimely filed.  RFR File, Tab 4 at 4-6.  The appellant did not file a response to the agency's motion.

## ANALYSIS

¶4    The Board generally has jurisdiction to review an arbitrator's decision under 5 U.S.C. § 7121(d) when the subject matter of the grievance is one over which the Board has jurisdiction, the appellant either raised a claim of discrimination under 5 U.S.C. § 2302(b)(1) with the arbitrator in connection with the underlying action or raises a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) for the first time with the Board if such allegations could not be raised in the negotiated grievance procedure, and a final decision has been issued.  *Jones v. Department of Energy*, 120 M.S.P.R.

480, ¶ 8 (2013), *aff'd,* 589 F. App'x 972 (Fed. Cir. 2014); 5 C.F.R. § 1201.155(a)(1), (c).  However, a Postal Service employee does not have the right of Board review of an arbitration decision because 5 U.S.C. § 7121 does not apply to the U.S. Postal Service.  *Anderson v. U.S. Postal Service*, 109 M.S.P.R. 558, ¶ 4 (2008).  Therefore, we dismiss the appellant's request for review of the arbitration decision for lack of jurisdiction.[2]

¶5      Nevertheless, the Board may have jurisdiction over the appellant's underlying removal action.  Under 5 U.S.C. § 7121(e)(1), an individual affected by a personnel action—such as a removal—that is both appealable to the Board and covered by a negotiated grievance procedure may contest the action before the Board or under the negotiated grievance procedure, but not both.  *See Anderson*, 109 M.S.P.R. 558, ¶ 5.  However, this binding election of remedies does not apply to Postal Service employees with appeal rights, who are entitled to simultaneously pursue both a grievance and a Board appeal.  *See Mays v. U.S. Postal Service*, 995 F.2d 1056, 1058 (Fed. Cir. 1993); *Anderson*, 109 M.S.P.R. 558, ¶ 5.  Preference-eligible Postal Service employees who have completed 1 year of continuous service in the same or similar positions have Board appeal rights.[3]  5 U.S.C. § 7511(a)(1)(B)(ii); 39 U.S.C. § 1005(a)(4)(A)(i); *Toomey v. U.S. Postal Service*, 71 M.S.P.R. 10, 12 (1996).

¶6      The record is not clear whether the appellant was a preference-eligible Postal Service employee or otherwise met any of the criteria under 39 U.S.C. § 1005(a)(4)(A).  RFR File, Tabs 1, 4.  We therefore forward the appellant's submission to the Board's Northeastern Regional Office for docketing as an appeal challenging his removal.  After docketing the appeal, the administrative

---

[2] Having determined that the Board lacks jurisdiction, we do not address the apparent untimeliness of the appellant's request for review.

[3] Management or supervisory employees and Postal Service employees engaged in personnel work other than in a purely nonconfidential capacity who have completed 1 year of current continuous service in the same or similar positions also have Board appeal rights.  39 U.S.C. § 1005(a)(4)(A)(ii).

judge should inform the parties of the standard for Board jurisdiction and provide them an opportunity to respond to the jurisdictional issue with evidence and argument.

¶7      In addition, to the extent that the appellant intended to file an appeal of an adverse action, there is an issue concerning the timeliness of the appeal. Generally, an appeal of a removal action must be filed with the Board within 30 days of the effective date of the action or within 30 days of receipt of the agency's final decision, whichever is later.  *See* 5 C.F.R. §§ 1201.22(b)(1), 1201.154(a).  Generally, pursuit of a grievance does not extend the time for filing a Board appeal.  *Anderson*, 109 M.S.P.R. 558, ¶ 7.  The arbitrator's decision is not clear regarding the date on which the removal became effective.  RFR File, Tab 1 at 6.  Although the precise date on which the appellant received the agency's notice of removal was disputed in the testimony of the parties during the arbitration hearing, a grievance challenging his removal was apparently filed on or about July 28, 2015.  *Id.* at 4-5.  It therefore appears that the appeal, which was filed on November 1, 2017, was untimely by more than 2 years.  After docketing the appeal, the administrative judge should inform the appellant that his appeal appears to be untimely and provide him the opportunity to establish that the appeal was timely filed or that good cause exists for his delay in filing.  *See* 5 C.F.R. §§ 1201.22, 1201.154.

¶8      This is the Board's final decision regarding the request for review of the arbitration decision.

## NOTICE OF APPEAL RIGHTS

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

> <u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

FOR THE BOARD:                            /s/ for
_____

                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.