# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ELIZABETH G. TEKLEABIB,
   Appellant,

  v.

DEPARTMENT OF STATE,
   Agency.

DOCKET NUMBER
CB-7121-15-0029-V-1

DATE: June 30, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>James Lensen-Callas</u>, San Francisco, California, for the appellant.

<u>Julie Falis</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1  The appellant has filed a request for review of an arbitrator's decision that denied the grievance that she filed under the agency's negotiated grievance procedure concerning her removal. For the reasons set forth below, we DISMISS the request for review for lack of jurisdiction.

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

¶2    Following her unsuccessful completion of a performance improvement plan (PIP), the agency removed the appellant, a passport specialist, in a chapter 43 action for unacceptable performance. Request for Review (RFR) File, Tab 1 at 11-24. The appellant elected to challenge her removal under the negotiated grievance procedure set forth in her collective bargaining agreement and the arbitrator denied her grievance. RFR File, Tab 5 at 11-61. After carefully reviewing the evidence, the arbitrator found that 17 of the 28 Significant Knowledge Errors (SKEs) the agency cited were not errors at all. *Id*. at 61. However, because substantial evidence indicated that the appellant still committed 11 SKEs, almost twice the benchmark number of 6 SKEs allowed during the term of her PIP, he ultimately determined that the appellant's removal was proper under the terms of the law and her collective bargaining agreement. *Id.*

¶3    In her timely request for review of the arbitrator's decision, the appellant argues that the agency created a hostile work environment by embarrassing, intimidating, and insulting her. RFR File, Tab 1 at 6. She also argues that the agency committed harmful procedural errors, in that the overcharging of SKE errors by the agency affected her performance under the PIP, leaving her confused and misguided and ultimately leading to her removal. *Id.* The Clerk of the Board issued an acknowledgement letter setting forth the regulatory requirements for a request for review of an arbitrator's decision. RFR File, Tab 2. The appellant replied, primarily addressing the substance of her chapter 43 removal. RFR File, Tab 4. The agency has responded in opposition to the appellant's request for review, arguing that her failure to raise a discrimination claim before the arbitrator precludes Board review of that decision. RFR File, Tab 5.

¶4    The Board has jurisdiction over a request for review of a final grievance or arbitrator's decision under 5 U.S.C. § 7121(d) when: (1) the subject matter of the grievance is one over which the Board has jurisdiction; (2) the appellant either

(i) raised a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) in the negotiated grievance procedure, or (ii) raises a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) for the first time with the Board if such allegations could not be raised in the negotiated grievance procedure; and (3) a final decision has been issued. 5 C.F.R. § 1201.155(a)(1), (c); *see Jones v. Department of Energy*, 120 M.S.P.R. 480, ¶ 8 (2013), *aff'd*, 589 F. App'x 972 (Fed. Cir. 2014).

¶5        Article 20, Section 4 of the appellant's collective bargaining agreement allows her to raise a claim of discrimination under the negotiated grievance procedure. RFR File, Tab 5 at 65. The record does not reflect that she did so. In its submission, the agency provides a portion of a pleading that the appellant filed before the Equal Employment Opportunity Commission in which she affirmatively states that she did not raise a discrimination claim before the arbitrator in the instant matter. *Id.* at 70-75. The appellant claimed therein that she did not have the option of raising a discrimination issue in the negotiated grievance procedure because of her prior-filed formal equal employment opportunity complaint, and that, if she had raised the issue, the grievance would have been dismissed. *Id.* at 73-74. She also argues that the grievance and the EEO complaint are separate matters, and asserts that "an employee who submits a discrimination claim to arbitration under a collective bargaining agreement is not precluded from suing his or her employer under Title VII." *Id.* at 74-75 (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 48-49 (1974)).

¶6        However, whether the appellant may assert her discrimination claims in multiple venues under different authorities is not the question before us. Because, as noted above, the appellant's collective bargaining agreement indicates that she may raise a discrimination claim in the negotiated grievance procedure, RFR File, Tab 5 at 65, the jurisdictional question in this matter is whether the appellant raised a discrimination claim in the arbitration proceeding for which she seeks review; only if she did so may she request Board review of

the arbitrator's decision, 5 C.F.R. § 1201.155(a)(1), (c). The record clearly reflects that the appellant did not raise a discrimination claim in the arbitration proceeding for which she seeks Board review. We find, therefore, that the Board does not have jurisdiction over the appellant's request for review.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:            _____
                                    William D. Spencer
                                    Clerk of the Board

Washington, D.C.