## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LAIMA CIGUZIS,
                Appellant,

        v.

DEPARTMENT OF LABOR,
                Agency.

DOCKET NUMBER
CB-7121-15-0015-V-1

DATE: July 24, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Maureen Willoughby</u>, Esquire, Washington, D.C., for the appellant.

<u>Katherine Brewer</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      Pursuant to 5 U.S.C. § 7121(d), the appellant has filed a request for review of an arbitrator's decision, which sustained her 30-day suspension. For the reasons that follow, we AFFIRM the arbitrator's decision.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2     The following facts are undisputed. The agency proposed to suspend the appellant from her Human Resource Specialist (Compensation) position for 30 days for failure to follow instructions. Request for Review (RFR) File, Tab 8 at 25-28. The appellant, through her union representative, submitted a written reply to the proposed suspension. RFR File, Tab 7 at 68-97. In lieu of issuing a decision letter on the proposed suspension, the agency entered into a settlement agreement with the appellant and her union representative, which provided, among other things, that the appellant would comply with her supervisor's instructions concerning the cleanliness of her workspace and that she would correct any documented problems with her workspace within 3 work days of receiving written notice from the agency of any such deficiency. RFR File, Tab 8 at 30-32. The settlement agreement specifically provided that, if the appellant failed to meet these requirements, the agency would issue a decision letter effecting a 30-day suspension based upon the reasons specified in the prior proposal notice.

¶3     Approximately 5 months after the parties entered into the settlement agreement, the agency issued a written notice that the appellant needed to clean her workspace pursuant to the terms of the agreement, and it offered her supplies and other materials to do so. *See id*. at 34-35. Several weeks later, the agency issued the appellant notice that it was imposing the previously proposed 30-day suspension because she "made no noticeable effort to follow" the agency's written instruction to clean her workspace. *Id*. at 39. The appellant's union filed a grievance challenging the agency's decision to impose the 30-day suspension, which was ultimately referred to arbitration under the collective bargaining agreement (CBA). *Id*. at 42-48.

¶4     Following an arbitration hearing, the arbitrator issued a written decision denying the appellant's grievance. *Id*. at 7-22. The arbitrator construed the settlement at issue as a last chance settlement agreement (LCA) and found that it

was an enforceable contract.[2]  *Id*. at 13-14, 20-22.  The arbitrator further found that the appellant breached the LCA when she did not comply with her supervisor's instruction to clean her workspace, that the appellant's claim that the agency breached the agreement by not providing her with a reasonable accommodation pursuant to the agreement was not supported by substantial evidence, and that she failed to provide medical documentation in support of her claim of failure to accommodate disability discrimination.  *Id*. at 21-22.

¶5      The appellant filed a request for review of the arbitrator's decision,[3] RFR File, Tab 1, in which she argues that the arbitrator erred in concluding that she breached the terms of the LCA, RFR File, Tab 2 at 5.  She further argues that the arbitrator erred in finding the agreement valid and in addressing her disability discrimination claim.  *Id*. at 6, 12-14.  The agency filed a response in opposition to the request for review, raising the issue of the Board's jurisdiction over the appellant's request, and arguing that the arbitrator correctly found that the appellant breached the terms of the LCA and that his findings should be affirmed. RFR File, Tab 9 at 5, 9-13.

---

[2] An LCA is a type of settlement agreement in which a disciplinary or adverse action is held in abeyance in exchange for a waiver of certain statutory rights.  *See, e.g.*, *Link v. Department of the Treasury*, 51 F.3d 1577, 1583 (Fed. Cir. 1995); *Ferby v. U.S. Postal Service*, 26 M.S.P.R. 451, 453 (1985).  Should the employee not comply with the terms of the agreement, the previously proposed action is imposed, and the employee's right to challenge the action is limited by the terms of the agreement.  *Ferby*, 26 M.S.P.R. at 453, 455-56.

[3] The appellant originally filed her request for review with the Board's Washington Regional Office, which properly forwarded the request to the Clerk of the Board.  RFR File, Tab 5; *see Brent v. Department of Justice*, 100 M.S.P.R. 586, ¶ 6 (2005) (a request for review of an arbitrator's decision filed with an administrative judge should be forwarded to the full Board for review), *aff'd*, 213 F. App'x 993 (Fed. Cir. 2007).

**ANALYSIS**

<u>The Board has jurisdiction over the appellant's request for review of the arbitrator's decision.</u>

¶6  The Board has jurisdiction to review an arbitrator's decision under 5 U.S.C. § 7121(d) when the subject matter of the grievance is one over which the Board has jurisdiction, the appellant alleged in her grievance that the agency discriminated against her in violation of 5 U.S.C. § 2302(b)(1) in connection with the underlying action, and a final decision has been issued. *Brookens v. Department of Labor*, 120 M.S.P.R. 678, ¶ 4 (2014); 5 C.F.R. § 1201.155(a)(1), (c). To establish the Board's jurisdiction over her request for review, an appellant must have raised a discrimination claim under 5 U.S.C. § 2302(b)(1) in connection with the underlying action with the arbitrator, and she may only raise the discrimination claim with the Board for the first time in a request for review if such allegations could not have been raised during the negotiated grievance procedure. *See Jones v. Department of Energy*, 120 M.S.P.R. 480, ¶ 8 (2013), *aff'd sub nom. Jones v. Merit Systems Protection Board*, 589 F. App'x 972 (Fed. Cir. 2014); 5 C.F.R. § 1201.155(c).

¶7  Here, each of these conditions is met. The appellant's grievance challenges a suspension for more than 14 days under 5 U.S.C. § 7512, a subject matter over which the Board has jurisdiction, and the arbitrator has issued a final decision. RFR File, Tab 8 at 7-22, 42-48. Further, the appellant raised a failure to accommodate disability discrimination claim before the arbitrator. *Id*. at 12. Consequently, we find that we have jurisdiction to review the arbitrator's decision.[4]

---

[4] The Board lacks jurisdiction over an action taken pursuant to an LCA in which the appellant has clearly waived her Board appeal rights. *Smith v. Department of the Interior*, 113 M.S.P.R. 592, ¶ 6 (2010). The LCA in this case is ambiguous inasmuch as it does not contain a clear and unequivocal waiver of the appellant's right to appeal her suspension to the Board. RFR File, Tab 8 at 31. The LCA here provides the appellant with the right to challenge her suspension consistent with the CBA, which specifically

<u>The record does not establish that the arbitrator erred in interpreting civil service law, rule, or regulation in finding that the appellant breached the agreement.</u>

¶8       The standard of the Board's review of an arbitrator's decision is narrow; such decisions are entitled to a greater degree of deference than initial decisions of the Board's administrative judges. *Keller v. Department of Army*, 113 M.S.P.R. 557, ¶ 6 (2010). Even if the Board disagrees with the arbitrator's decision, absent legal error, the Board cannot substitute its conclusions for those of the arbitrator. *Id*. The Board will modify or set aside an arbitrator's decision only where the arbitrator has erred as a matter of law in interpreting civil service law, rule, or regulation. *Id*.

¶9       We find that the arbitrator properly evaluated whether the appellant established that she materially complied with the LCA and whether the agency materially breached it, or acted in bad faith. In her request for review, the appellant presents various factual challenges to the arbitrator's finding that she breached the agreement. RFR File, Tab 2 at 7-10. She does not, however, demonstrate that the arbitrator made an error of civil service law or other legal error in reaching this finding. Accordingly, we defer to the arbitrator's findings that the appellant breached the LCA when she did not respond to her supervisor's instruction to clean her workspace in a timely fashion and that the agency did not materially breach the agreement. RFR File, Tab 8 at 20-22. Insofar as the appellant argues that the LCA is unlawful, RFR File, Tab 2 at 5-6, she has likewise not provided a basis for disturbing the arbitrator's findings that the LCA was enforceable and not against public policy, RFR File, Tab 8 at 20-22; *see Keller*, 113 M.S.P.R. 557, ¶ 7 (the appellant's disagreement with the arbitrator's legal conclusions did not evidence legal error).

---

references a right to Board appeals, either directly as an "otherwise appealable action", or indirectly, through a request to review an arbitrator's decision.

<u>We defer to the arbitrator's conclusion that the appellant failed to establish her claim of failure to accommodate disability discrimination.</u>

¶10 In her request for review, the appellant also contends that the arbitrator erred in addressing her failure to accommodate disability discrimination claim. RFR File, Tab 2 at 11-19. The appellant primarily argues that the arbitrator erred in applying the Americans with Disabilities Act Amendments Act of 2008 (ADAAA) to her claim and that she should have been provided with an accommodation after she informed agency officials that she suffered from Obsessive Compulsive Disorder (OCD). *Id.*

¶11 We disagree with both arguments. As a Federal employee, the appellant's disability discrimination claim arises under the Rehabilitation Act of 1973. *Simpson v. U.S. Postal Service*, 113 M.S.P.R. 346, ¶ 8 (2010). However, the Equal Employment Opportunity Commission (EEOC) regulations implementing the Americans with Disabilities Act, as amended by the ADAAA, have been incorporated by reference into the Rehabilitation Act, and the Board applies them to determine whether there has been a Rehabilitation Act violation. *Thome v. Department of Homeland Security*, 122 M.S.P.R. 315, ¶ 23 (2015); 29 C.F.R. § 1614.203(b).

¶12 To prove disability discrimination, the appellant first must establish that she is an individual with a disability as that term is defined in the ADAAA and the EEOC regulations. *Thome*, 122 M.S.P.R. 315, ¶ 24 (citing *Doe v. Pension Benefit Guaranty Corporation*, 117 M.S.P.R. 579, ¶ 38 (2012)). The appellant may prove that she has a disability by showing that she: (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of such impairment; or (3) is regarded as having such an impairment. 42 U.S.C. § 12102(1); 29 C.F.R. § 1630.2(g)(1). An impairment is considered to be a disability if it substantially limits an individual's ability to perform a major life activity as compared to most people in the general population. 29 C.F.R. § 1630.2(j)(1)(ii). Major life activities include, but are not limited to, caring for

oneself, performing manual tasks, eating, lifting, bending, concentrating, communicating, and working; major life activities also include the operation of major bodily functions. 42 U.S.C. § 10012(2).

¶13 In addressing the appellant's disability discrimination claim, the arbitrator noted that included in the elements of a claim of disability discrimination for which accommodation is required is a "record of impairment" which normally comes from medical documentation. RFR File, Tab 8 at 21. The arbitrator found that the appellant failed to provide the agency with such documentation and did not give any reasonable justification for failing to do so. *Id*.

¶14 The arbitrator did not address whether the appellant met her burden of proving that she is disabled by showing that she has a physical or mental impairment that substantially limits one or more major life activities, or by showing that she is regarded as having such an impairment. 42 U.S.C. § 12102(1); 29 C.F.R. § 1630.2(g)(1). He nonetheless properly evaluated whether the appellant produced evidence of her alleged mental impairment, and we defer to the arbitrator's factual finding that the appellant failed to provide any evidence that she was disabled. RFR File, Tab 8 at 21. Although the appellant contends that EEOC regulations state that a mental impairment such as OCD imposes a substantial limitation on a major life activity, it is her burden to show that she suffers from such an impairment in the first place. Further, the appellant does not allege in her request for review that the agency regarded her as being disabled at the time of the events at issue in this case. Thus, we defer to the arbitrator's conclusions regarding the appellant's failure to accommodate disability discrimination claim. *Cf. FitzGerald v. Department of Homeland Security*, 107 M.S.P.R. 666, ¶ 18 (2008) (holding that the Board may make its own findings regarding the appellant's claim of discrimination because the arbitrator "did not cite *any* legal standard when he evaluated the evidence" and his analysis did not follow the proper legal framework).

> The arbitrator may have erred in not reaching the penalty issue; nevertheless, we find that a 30-day suspension is a reasonable penalty for the sustained misconduct.

¶15     To the extent that the appellant is arguing that we should set aside the arbitrator's decision because he did not independently consider the appropriateness of the penalty, we disagree.  In any event, assuming that the arbitrator's decision to not assess whether the penalty was warranted constituted legal error, the Board will correct any such error by independently and responsibly balancing the relevant factors under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), to determine if the imposed penalty was reasonable.  *Douglas*, 5 M.S.P.R. at 308.

¶16     First, we note that the arbitrator, in his decision, determined that the appellant did not clean her cubicle after being instructed to do so, which in turn breached the LCA.  We find that the appellant's breach of the LCA by failing to follow supervisory instructions to clean up her workspace is not conducive to a stable working atmosphere and is therefore serious and unacceptable.  *See Cooke v. U.S. Postal Service*, 67 M.S.P.R. 401, 407-08 (an employee does not have the unfettered right to disregard an order merely because there is substantial reason to believe that the order is not proper; he must first comply with the order and then register his complaint or grievance, except in certain limited circumstances where obedience would place the employee in a clearly dangerous situation, or when complying with the order would cause him irreparable harm), *aff'd*, 73 F.3d 380 (Fed. Cir. 1995) (Table).  Next, the appellant's 38 years as a Federal employee, while significant, does not warrant mitigating the penalty. RFR, Tab 8 at 27.

¶17     Also, the fact that the appellant was under a LCA that included a provision placing her on probation indicates that she was well aware that any further similar misconduct would be grounds for discipline.  In addition, the agency noted in the proposed suspension letter that the appellant's failure to follow instructions was

repeated, inasmuch as the "problems with [her] workspace have been long-standing," and created a potentially unhealthy or dangerous situation for others, resulting in "odors as well as the attraction of insects and other pests." *Id*. The agency determined that all these factors negatively affected her rehabilitation potential. *See id.*

¶18        In making our penalty determination, we did not consider, as did the agency in its notice of proposed suspension, that the appellant had at least two prior disciplinary records because we could not ascertain, based on the record before us, if the agency's consideration of these previous disciplinary actions comported with the requirements set forth in *Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339-40 (1981) (the Board's review of a prior disciplinary action is limited to determining whether that action is clearly erroneous, if the employee was informed of the action in writing, the action is a matter of record, and the employee was permitted to dispute the charges before a higher level of authority than the one that imposed the discipline).  However, our review of the record makes clear that the agency previously advised the appellant that her engaging in this type of behavior would not be tolerated and so she was on clear notice that the agency would not condone such misconduct in the future.

¶19        The appellant, moreover, argued that the agency failed to take into account her medical diagnosis of OCD as a potential mitigating factor.  Evidence that an employee's medical condition "played a part in the charged conduct is ordinarily entitled to considerable weight as a significant mitigating factor."  *Roseman v. Department of the Treasury*, 76 M.S.P.R. 334, 345 (1997); *see, e.g.*, *Robb v. Department of Defense*, 77 M.S.P.R. 130, 137 (1997).  Even where the condition does not rise to the level of a disability, if the agency knew about it before taking the action at issue, we may consider the condition in determining the appropriate penalty.  *Roseman*, 76 M.S.P.R. at 345.  Here, it appears that the agency knew about the appellant's condition because the agency, in a provision of the LCA, acknowledges that she claimed to be suffering from OCD.  RFR File, Tab 8

at 30-32.  Nevertheless, the appellant failed to state whether there were any treatments or therapies available to ameliorate her medical condition, whether she availed herself of those treatments or therapies, or whether her condition and the side effects of any prescription drug she might have been taking for her condition played a part in the charged conduct.  *Hamilton v. U.S. Postal Service*, 84 M.S.P.R. 635, ¶ 19 (1999) (finding that seeking treatment for a medical condition that played a part in the charged misconduct indicates a rehabilitative potential).  Therefore, although we reviewed the appellant's arguments about her medical condition, we find that they are insufficient to mitigate the chosen penalty.  *See Archerda v. Department of Defense*, 121 M.S.P.R. 314, 321-29 (2014) (finding that the chosen penalty was warranted where the agency proved that the appellant failed to follow instructions; although the appellant showed that he suffered from Post-Traumatic Stress Disorder, he did not provide sufficient documentation about his medical condition and did not establish that he was impaired by that condition).

¶20     Accordingly, after considering the relevant factors under *Douglas*, we find that a 30-day suspension is a reasonable penalty for the sustained misconduct.  Based on the foregoing, we AFFIRM the arbitrator's decision.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                   _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.