# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KIMBERLY MILLER,<br>　　　　　　Appellant, | DOCKET NUMBER<br>CB-7121-15-0041-V-1 |
| v. | |
| SOCIAL SECURITY<br>　ADMINISTRATION,<br>　　　　　　Agency. | DATE: March 2, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Patricia J. McGowan, Esquire, Baltimore, Maryland, for the appellant.

Mark J. Kingsolver, Esquire, Dallas, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　The appellant seeks review of an arbitration award that mitigated her removal to a time-served suspension. For the reasons set forth below, we DISMISS the request for review for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2        The agency removed the appellant, effective March 28, 2014, from the position of Claim Representative based on two charges:  (1) misuse of position for personal gain; and (2) unauthorized access of Social Security Administration system of records without disclosure.  Request for Review (RFR) File, Tab 4 at 514, 539.  In support of the charges, the agency alleged that the appellant improperly accessed the Social Security disability accounts of her boyfriend and his minor son, improperly terminated the auxiliary benefits of her boyfriend's minor son, and improperly accessed the Social Security account of her boyfriend's wife, from whom he was separated.  *Id*. at 514-18.  The appellant's grievance initially was denied and proceeded to arbitration.  *Id*. at 559.  Based on the record developed by the parties, including the testimony at the hearing held on June 2-3, 2015, the arbitrator mitigated the removal to a suspension without back pay from the date of the removal until the date of the arbitration decision, August 15, 2015.  RFR File, Tab 1, Subtab 1.

¶3        The appellant has filed a request for review, asserting that the Board has jurisdiction over her request and that the arbitrator erred as a matter of law by setting the length of the suspension based on the length of time that elapsed between the date of the removal and the date of the arbitration decision.[2]  RFR File, Tab 1 at 6-14.

---

[2] The agency filed a response to the request for review, and what the agency characterizes as a "cross petition for review."  RFR File, Tab 4.  In its "cross petition" the agency asserts that the arbitrator erred in mitigating the penalty.  *Id*.  To the extent that the agency is challenging the arbitrator's decision to mitigate the removal penalty, the Board has held that, under 5 U.S.C. § 7121(d), agencies lack an independent right to seek Board review of arbitration decisions.  *E.g.*, *Pace v. Department of the Treasury*, 118 M.S.P.R. 542, ¶ 3 n.1 (2012).  Thus, although we have considered the agency's opposition to the appellant's request for review, we otherwise lack the authority to review the agency's apparent allegations of error in the arbitration decision.  *See id*.

**ANALYSIS**

¶4    The Board has jurisdiction to review an arbitrator's decision under 5 U.S.C. § 7121(d) when the subject matter of the grievance is one over which the Board has jurisdiction, the appellant alleged in her grievance that the agency discriminated against her in violation of 5 U.S.C. § 2302(b)(1) in connection with the underlying action, and a final decision has been issued. *Brookens v. Department of Labor*, 120 M.S.P.R. 678, ¶ 4 (2014); 5 C.F.R. § 1201.155(a)(1),(c). To establish the Board's jurisdiction over her request for review, an appellant must have raised a discrimination claim under 5 U.S.C. § 2302(b)(1) in connection with the underlying action with the arbitrator, and she may only raise the discrimination claim with the Board for the first time in a request for review if such allegations could not have been raised during the negotiated grievance procedure. *See Jones v. Department of Energy*, 120 M.S.P.R. 480, ¶ 8 (2013), *aff'd sub nom. Jones v. Merit Systems Protection Board*, 589 F. App'x 972 (Fed. Cir. 2014); 5 C.F.R. § 1201.155(c).

¶5    Here, the appellant's grievance concerns her removal, a subject matter over which the Board has jurisdiction. RFR File, Tab 4 at 539; *see* 5 U.S.C. § 7512(1). Further, the arbitrator has issued a final decision. RFR File, Tab 1, Subtab 1. It is undisputed that allegations of discrimination could have been raised during the negotiated grievance procedure. RFR File, Tab 4 at 635. At issue is whether the appellant alleged in her grievance that the agency discriminated against her in violation of 5 U.S.C. § 2302(b)(1) in connection with the underlying action.

¶6    The appellant alleges that she raised the issue of race discrimination with the arbitrator by alleging that the action taken against her was not fair and equitable in violation of Article 3 of the parties' negotiated grievance procedure. RFR File, Tab 1 at 7. Article 3, Section 2 requires that all employees "be treated fairly and equitably in all aspects of personnel management and without regard to political affiliation, race, color, religion, national origin, sex, sexual orientation, gender identity, genetic information, marital status, age, parental status, or

disabling condition, and with proper regard and protection of their privacy and constitutional rights." RFR File, Tab 4 at 447. However, as explained below, the appellant failed to raise the issue of discrimination either under Article 3 of the labor management agreement or otherwise at any time during the grievance proceedings.

¶7        During proceedings before the arbitrator, the appellant stated the issue as "was the Grievant's removal for just cause and in accordance with the AFGE/SSA National Agreement; if not what shall the appropriate remedy be?" *Id*. at 49. Her statement of the issue did not include whether the removal constituted a violation of Article 3 or discrimination on any basis. The arbitrator accepted her statement as "the Arbitrator's charge." *Id*. at 50. The arbitrator never indicated that discrimination on any basis was an issue in the arbitration proceeding, and he made no findings on any issue of discrimination. RFR File, Tab 1, Subtab 1.

¶8        In her opening statement following the arbitrator's acceptance of her statement of the charge, the appellant's counsel did not allege that the appellant's removal violated Article 3. RFR File, Tab 4 at 50-61. Rather, she emphasized that the appellant's removal violated Article 23 of the applicable labor management agreement, which she characterized as "the disciplinary article of the contract." *Id*. at 58. Additionally, during her testimony the appellant never stated that she believed that her removal constituted a violation of Article 3, Section 2, and never included any claim of discrimination. *Id*. at 399-440.

¶9        Moreover, during proceedings leading up to the arbitration hearing, the appellant did not raise the issue of discrimination relative to a violation of Article 3. In the appellant's statement during the Office of Inspector General's investigation into her misconduct, she failed to mention Article 3 or discrimination. *Id*. at 482-483. In her response to the notice of proposed removal, the appellant also failed to mention Article 3 or discrimination. *Id*. at 535. On her standard grievance form, the appellant cites to Articles 3, 9, and 23 of the labor management agreement. Regarding Article 3, the appellant stated

that she was "not treated fairly and equitably all [sic] aspects of personnel management." *Id*. at 551. However, the appellant failed to mention discrimination. *Id*. Importantly, during the oral presentation to management about the grievance, the appellant's representative explained how the union believed the agency had violated Article 3. The representative stated that the agency violated that Article when it "proceeded directly to a Category D penalty when [the appellant's] actions were not Category D violations."[3] *Id*. at 555. There is no reference to discrimination in the union representative's characterization of how the agency violated Article 3 in removing the appellant.

¶10    Having carefully reviewed the record in this request for review of an arbitrator's decision, we find that, under the circumstances of this case, the appellant failed to establish the jurisdictional requirement that she alleged before the arbitrator that the agency discriminated against her in connection with the underlying action. Accordingly, we dismiss the request for review for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27,

---

[3] Category D of the agency's Table of Penalties provides the penalty for unauthorized access for personal gain (including, but not limited to, monetary gain) or with malicious intent. RFR File, Tab 4 at 568.

2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:          _____
                        William D. Spencer
                        Clerk of the Board

Washington, D.C.