# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| VIRGIE L. GRANT-BROOKS,<br>      Appellant,<br><br>            v.<br><br>DEPARTMENT OF THE TREASURY,<br>      Agency. | DOCKET NUMBERS<br>CB-7121-16-0005-V-1<br>DC-0432-14-0855-I-1<br><br><br>DATE: June 23, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Virgie L. Grant-Brooks</u>, Irving, Texas, pro se.

<u>Christopher Sterbenz</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      In MSPB Docket Nos. DC-0432-14-0855-I-1 and CB-7121-16-0005-V-1, the appellant seeks review of an arbitration decision concerning her removal. The agency has filed a "Motion to Consolidate Appeals." For the reasons discussed

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

below, we GRANT the agency's motion,[2] JOIN the two matters,[3] AFFIRM the initial decision, and DISMISS the appellant's request for review for lack of jurisdiction.

## BACKGROUND

¶2 Following the appellant's failure to demonstrate an acceptable level of performance after receiving a Notice of Opportunity to Improve Performance (NOIP), the agency removed her from her Bank Examiner (Licensing Analyst) position effective October 19, 2013. *Grant-Brooks v. Department of the Treasury*, MSPB Docket No. DC-0432-14-0855-I-1, Initial Appeal File (IAF), Tab 5 at 82, 84-85. The appellant elected to challenge her removal under the negotiated grievance procedure set forth in the collective bargaining agreement (CBA) between the agency and the union that represented her. *Id.* at 29, 83. In a decision issued on June 2, 2014, the arbitrator denied the grievance. *Id.* at 81.

¶3 On June 23, 2014, the appellant filed an "appeal" with the Board's Washington Regional Office challenging the arbitration decision. IAF, Tab 1 at 1-6, 34. Recognizing that the "appeal" was a request for review of the arbitration decision, the administrative judge issued an initial decision dismissing the matter and forwarding the request for review to the Clerk of the Board for adjudication. IAF, Tab 8, Initial Decision (ID) at 1-2.

¶4 The appellant has filed a petition for review of the initial decision. *Grant-Brooks v. Department of the Treasury*, MSPB Docket No. DC-0432-14-0855-I-1, Petition for Review (PFR) File, Tab 1. In response, the agency has filed a motion to consolidate the petition for review with the request for review,

---

[2] We interpret the agency's motion to consolidate as a motion for joinder. Request for Review File, Tab 8. Joinder, not consolidation, is appropriate where, as here, one person has filed two or more appeals. 5 C.F.R. § 1201.36(a).

[3] We join the two appeals because doing so will expedite case processing and will not adversely affect the parties' interests. 5 C.F.R. § 1201.36(b).

which the Clerk of the Board separately docketed.  PFR File, Tab 3; Request for Review (RFR) File, Tab 2.

¶5        In a letter acknowledging the request for review, the Clerk of the Board informed the appellant of the Board's regulations regarding a request for review of an arbitration decision and her ability to file a supplement to her request for review.  RFR File, Tab 2 at 1.  She has filed a supplement, RFR File, Tab 5, to which the agency has responded, RFR File, Tab 7.  The Board has issued a Show Cause Order apprising the appellant of her jurisdictional burden and ordering her to file evidence and argument on whether she raised a claim of discrimination under 5 U.S.C. § 2302(b)(1) with the arbitrator.  RFR File, Tab 9.  Both parties have responded.  RFR File, Tabs 10-11.

## ANALYSIS

<u>The Board lacks jurisdiction over the appellant's request for review of the arbitration decision.</u>

¶6        The Board has jurisdiction over a request for review of an arbitration decision under 5 U.S.C. § 7121(d) when:  (1) the subject matter of the grievance is one over which the Board has jurisdiction; (2) the appellant either (i) raised a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) in the negotiated grievance procedure, or (ii) raises a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) for the first time with the Board if such allegations could not be raised in the negotiated grievance procedure; and (3) a final decision has been issued.[4]  *Jones v. Department of Energy*, 120 M.S.P.R. 480, ¶¶ 3, 8 (2013), *aff'd*, 589 F. App'x 972 (Fed. Cir. 2014); 5 C.F.R. § 1201.155(a)(1), (c).

---

[4] In non-Postal Service cases, requests for review of arbitration decisions are properly reviewed by the full Board and not by the Board's administrative judges.  5 U.S.C. § 7121(d); *Brent v. Department of Justice*, 100 M.S.P.R. 586, ¶ 6 (2005), *aff'd*, 213 F. App'x 993 (Fed. Cir. 2007).  Thus, the administrative judge correctly declined to accept jurisdiction over this matter once she realized that the appellant was seeking

¶7    Applying this jurisdictional standard, we conclude that the appellant cannot establish Board jurisdiction over her request for review of the arbitration decision because she could have, but did not, raise a discrimination claim with the arbitrator in the grievance proceeding. *See Jones*, 120 M.S.P.R. 480, ¶¶ 9-10; 5 C.F.R. § 1201.155(c). The record reflects that the applicable CBA allows for claims of discrimination to be raised in the course of a grievance proceeding. RFR File, Tab 7 at 129.[5] The record further reflects that the appellant did not raise a claim of discrimination under 5 U.S.C. § 2302(b)(1) in the course of her grievance proceeding. The arbitrator stated in his decision that the parties agreed that the only two issues before him were: (1) whether the agency sufficiently communicated to the appellant the minimum level of performance required to avoid removal under 5 U.S.C. chapter 43; and (2) whether the agency provided the appellant with a reasonable opportunity to improve her performance during the NOIP. IAF, Tab 5 at 72, 77.

¶8    The appellant admits in her response to the Show Cause Order that she did not raise a claim of discrimination during the grievance proceeding, but alleges that she could not have done so. RFR File, Tab 10 at 3. Specifically, she argues that the agency's restructure mandated by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank Act) "provoked" her termination and did not conclude until after the grievance was filed. *Id.* We find that this argument does not alter the dispositive facts that the CBA permits allegations of discrimination and the appellant did not raise any during the grievance proceeding. 5 C.F.R. § 1201.155(c). Further, the appellant's transfer from the

review of an arbitration decision rather than filing a direct appeal of her removal. ID at 2; *see Brent*, 100 M.S.P.R. 586, ¶ 6.

[5] The agency states that, between the appellant's removal and the arbitration hearing, the agency and the union that represented her entered into a new CBA that did not materially change the ability of represented employees to grieve discrimination complaints. RFR File, Tab 7 at 10 n.3. The appellant does not dispute this statement or raise the different versions of the CBA as an issue.

Office of Thrift Supervision to the Office of the Comptroller of the Currency, consistent with the requirements of the Dodd-Frank Act, was completed prior to her removal. Dodd-Frank Act, Pub. L. No. 111-203, § 322(a)(1)(A), 124 Stat. 1376, 1529 (2010) (codified at 12 U.S.C. § 5432(a)(1)(A)); PFR File, Tab 10, Arbitration Hearing Transcript at 209-10; IAF, Tab 5 at 82, 84.

The appellant's other claims do not provide a basis for jurisdiction.

¶9        The appellant alleges that the agency subjected her to several prohibited personnel practices under 5 U.S.C. § 2302(b) by providing "falsified and misrepresented information" during the grievance proceeding, discriminating and retaliating against her for disclosing violations of equal employment opportunity (EEO) laws and the Dodd-Frank Act, and denying her training opportunities based on her race and sex. RFR File, Tab 1 at 3, Tab 5 at 1-3, Tab 10 at 3; PFR File, Tab 1 at 3; IAF, Tab 7 at 1. However, the Board lacks independent jurisdiction over prohibited personnel practices. *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (finding that a prohibited personnel practice under 5 U.S.C. § 2302(b) is not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867 (D.C. Cir. 1982). Further, the appellant's reliance on *Burlington Northern & Sante Fe Railway Co. v. White*, 548 U.S. 53, 67-70 (2006), in which the U.S. Supreme Court addressed the scope of an employee's protection from EEO retaliation, is misplaced because it does not address the dispositive jurisdictional issue. RFR File, Tab 10 at 3. Similarly, the cases cited by the appellant concerning the merits of her performance-based removal do not address the dispositive jurisdictional issue. RFR File, Tab 5 at 2-3.

¶10       To the extent the appellant is disputing her lowered performance appraisal rating, we find that the Board lacks jurisdiction over that claim. IAF, Tab 7 at 3; *see Bambl v. Department of the Treasury*, 113 M.S.P.R. 55, ¶ 9 (2010) (observing that the Board generally lacks jurisdiction over appeals of performance appraisal ratings).

¶11    Finally, to the extent the appellant is attempting to file an individual right of action (IRA) appeal under 5 U.S.C. § 1221(a), she must first exhaust her administrative remedies with the Office of Special Counsel (OSC) before filing such an appeal with the Board. 5 U.S.C. § 1214(a)(3); *Cassidy v. Department of Justice*, 118 M.S.P.R. 74, ¶ 5 (2012); 5 C.F.R. § 1209.2(b)(1). Although the administrative judge apprised the appellant of this requirement, she has not claimed OSC exhaustion on review. ID at 2 n.1.

¶12    We conclude that the Board lacks jurisdiction to review the arbitration decision concerning the appellant's removal, and, thus, deny her request for review.[6]

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[6] Given the appellant's pro se status, we have interpreted her arguments liberally. RFR File, Tab 5 at 3; *see, e.g.*, *Melnick v. Department of Housing & Urban Development*, 42 M.S.P.R. 93, 97-98 (1989) (observing that parties without legal representation are not required to plead issues with precision), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.