## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANDREW QUEVEDO,
          Appellant,

          v.

DEPARTMENT OF AGRICULTURE,
          Agency.

DOCKET NUMBER
CB-7121-16-0007-V-1

DATE: June 23, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Andrew Quevedo, Tucson, Arizona, pro se.

Rachel Trafican, Esquire, Albuquerque, New Mexico, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1        Pursuant to 5 U.S.C. § 7121(d), the appellant requests review of an arbitration decision.  For the reasons that follow, we DISMISS the appellant's request for arbitration review for lack of jurisdiction.

¶2        The appellant filed a request for review of an April 27, 2015 arbitration decision, which denied the grievance he filed challenging the agency's removal

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

action.  Request for Review (RFR) File, Tabs 1, 5; Tab 7 at 34.  The agency filed a motion to dismiss the request for arbitration review for lack of jurisdiction and untimeliness.  RFR File, Tab 8.  As to the jurisdictional issue, the agency argued that the appellant's request should be dismissed because he  did not raise a claim of discrimination under 5 U.S.C. § 2302(b)(1) in the grievance process.  *Id*. at 8.

¶3        The Board has jurisdiction to review an arbitration decision under 5 U.S.C. § 7121(d) when:  (1) the subject matter of the grievance is one over which the Board has jurisdiction; (2) the appellant either (i) raised a claim of discrimination under 5 U.S.C. § 2302(b)(1) with the arbitrator in connection with the underlying action, or (ii) raises a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) for the first time with the Board if such allegations could not be raised in the negotiated grievance procedure; and (3) a final decision has been issued.[2]  RFR File, Tab 8 at 4; *see Jones v. Department of Energy*, 120 M.S.P.R. 480, ¶ 8 (2013), *aff'd*, 589 F. App'x 972 (Fed. Cir. 2014); 5 C.F.R. § 1201.155(a)(1), (c).

¶4        Applying this jurisdictional standard, we find that the Board lacks jurisdiction to consider the appellant's request for review of the arbitrator's decision.   The appellant alleged before the arbitrator that the agency discriminated against him because of his position as a union representative, which is a prohibited personnel practice under 5 U.S.C. § 2302(b)(9).  RFR File, Tab 7 at 17.  The appellant reiterates this claim before the Board.  *Id*. at 4.  Because the appellant has not raised a claim of prohibited discrimination under 5 U.S.C. § 2302(b)(1), either before the arbitrator or the Board, we dismiss the appellant's request for lack of jurisdiction.[3]

---

[2] The appellant was aware of these requirements.  RFR File, Tab 3 at 1-2; *see Quevedo v. Department of Agriculture*, MSPB Docket No. DE-0752-15-0460-I-1, Initial Appeal File, Tab 7 at 2, 8.

[3] The arbitrator issued an Opinion and Award denying the appellant's grievance on April 23, 2015.  RFR File, Tab 7 at 34.  To be timely, the appellant had to file his request for review within 35 days after the issuance date of the award or within 30 days

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

---

after he received the award, if he shows that he received it more than 5 days after the date of issuance. RFR File, Tab 8 at 8; *see* 5 C.F.R. § 1201.155(b). The appellant filed his request for review on August 23, 2015, which is more than 35 days after the issuance date of the award. RFR File, Tabs 1, 5, Tab 6 at 1. Because we are dismissing his request for lack of jurisdiction, we find it unnecessary to address the timeliness of his request.

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                              _____
                                                         William D. Spencer
                                                         Clerk of the Board

Washington, D.C.