UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

JEFFREY CLAYTON,
        Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,
        Agency.

DOCKET NUMBER
CB-7121-18-0005-V-1

DATE: December 21, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

M. Jefferson Euchler, Esquire, Virginia Beach, Virginia, for the appellant.

Janean B. Dunn, Esquire, Winston-Salem, North Carolina, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**ORDER**

¶1      The appellant has filed a request for review of an arbitration decision that sustained the agency's decision to remove him for unacceptable performance. For the reasons set forth below, we GRANT the request for review under 5 U.S.C. § 7121(d) and FORWARD the matter to the Washington Regional Office for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

further adjudication in accordance with the U.S. Court of Appeals for the Federal Circuit's decision in *Santos v. National Aeronautics & Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## BACKGROUND

¶2    The appellant was a Vocational Rehabilitation Counselor for the agency. Request for Review (RFR) File, Tab 1 at 117.  The principle duties of Vocational Rehabilitation Counselor consist of counseling (55%) and case management (45%).  *Id*. at 43-45.  The counseling duties involve counseling disabled veterans to assist them in reaching their educational, occupational, and rehabilitation goals, and the case management duties involve maintaining case records and facilitating the veterans' interaction with the agency and various third parties.  *Id*. The appellant's performance was rated on four critical elements—timeliness, production, quality of work, and customer service.[2]  *Id*. at 20.

¶3    The agency placed the appellant on a 3-month performance improvement plan (PIP) from October through December 2016.  *Id*.  After the close of the PIP, the agency determined that the appellant failed to demonstrate acceptable performance in the elements of production, quality of work, and customer service. *Id*.  Effective April 23, 2017, the agency removed the appellant for failure to meet performance expectations.[3]  *Id*.  The appellant grieved the removal, raising a claim of disability discrimination under a reasonable accommodation theory, and the grievance went to arbitration.  On October 21, 2017, the arbitrator issued a

---

[2] There are several key documents missing from the record, including the performance improvement plan notice, the appellant's performance standards, the notice of proposed removal, and the removal decision.  *Cf.* 5 C.F.R. § 1201.155(d)(4) (stating that a request for arbitration review must contain copies of the agency's decision and other relevant documents).  We must therefore rely on the arbitrator's characterization of these documents in reaching our decision.

[3] The arbitration decision inaccurately states that the appellant was removed on April 23, 2016.  RFR File, Tab 1 at 20.

decision denying the disability discrimination claim and upholding the removal. *Id*. at 17-37.

¶4      The appellant has requested review of the arbitrator's decision, arguing that the performance standards at issue are unreasonable and therefore invalid and that the agency's failure to provide him a reasonable accommodation deprived him of a reasonable opportunity to demonstrate acceptable performance during the PIP. *Id*. at 4-14.  The agency has filed a response.  RFR File, Tab 6.

## ANALYSIS

¶5      The Board has jurisdiction to review an arbitrator's decision under 5 U.S.C. § 7121(d) when the subject matter of the grievance is one over which the Board has jurisdiction, the appellant has alleged discrimination under 5 U.S.C. § 2302(b)(1) in connection with the underlying action, and a final decision has been issued.  *Sadiq v. Department of Veterans Affairs*, 119 M.S.P.R. 450, ¶ 4 (2013); 5 C.F.R. § 1201.155(a).  Each of these conditions has been satisfied in this case.  Nevertheless, the standard of the Board's review of an arbitrator's award is limited; such awards are entitled to a greater degree of deference than initial decisions issued by the Board's administrative judges.  *Vena v. Department of Labor*, 111 M.S.P.R. 165, ¶ 5 (2009).  The Board will modify or set aside an arbitrator's award only when the arbitrator has erred as a matter of law in interpreting a civil service law, rule, or regulation.  *Id*.  Even if the Board disagrees with an arbitrator's decision, absent legal error, the Board cannot substitute its conclusions for those of the arbitrator.  *Id*.  Thus, the arbitrator's factual determinations are entitled to deference unless the arbitrator erred in his legal analysis, for example, by misallocating the burdens of proof or employing the wrong analytical framework.  *Hollingsworth v. Department of Commerce*, 115 M.S.P.R. 636, ¶ 7 (2011).

The appellant's arguments do not provide a basis to disturb the arbitration decision.

At the time the arbitration decision was issued, the Board's case law stated that, in a performance-based removal under chapter 43, the agency must establish the following by substantial evidence:  (1) the Office of Personnel Management approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of his position; (3) the appellant's performance standards were valid under 5 U.S.C. § 4302(c)(1)[4]; (4) the agency warned the appellant of the inadequacies of his performance during the appraisal period and gave him a reasonable opportunity to demonstrate acceptable performance; and (5) the appellant's performance remained unacceptable in one or more of the critical elements for which he was provided an opportunity to demonstrate acceptable performance.  *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 5 (2010).  The arbitrator correctly applied this correct legal standard and found that the agency proved each element of its case by substantial evidence.  RFR File, Tab 1 at 26-32, 36-37.  In particular, the arbitrator found that the appellant's performance remained unacceptable under the quality of work and customer service standards.  *Id*. at 26, 29-32.

On review, the appellant argues that the arbitrator erred in finding that the performance standards were valid.  *Id*. at 11-14.  Specifically, he argues that the performance standards were not realistic, reasonable, and attainable, as evidenced by the fact that the large majority of his colleagues failed to meet the standards and the agency amended the standards shortly after his removal.  *Id.* at 12-14; *see Johnson v. Department of the Army*, 44 M.S.P.R. 464, 466-67 (1990) (explaining that, to show that a performance standard is valid, an agency must demonstrate

[4] The criteria set forth in 5 U.S.C. § 4302(c)(1) formerly appeared at 5 U.S.C. § 4302(b)(1) prior to the enactment of the National Defense Authorization Act for Fiscal Year 2018, Pub. L. No. 115-91, Div. A, tit. X, § 1097(d)(1), 131 Stat. 1283, 1619 (2017), which was signed into law on December 12, 2017.

that the standard is reasonable, realistic, and attainable).  As an initial matter, the Board has held that an appellant generally may not seek to set aside or modify an arbitration decision on a ground not raised before the arbitrator.  *Jones v. Department of Energy*, 120 M.S.P.R. 480, ¶ 3 (2013), *aff'd*, 589 F. App'x 972 (Fed. Cir. 2014).  In this case, we find no indication in the record that the appellant disputed the reasonableness of his performance standards prior to his request for arbitration review.  Furthermore, even assuming that the appellant disputed the reasonableness of his performance standards before the arbitrator, the appellant is essentially arguing that the arbitrator ignored certain evidence in reaching his conclusion.  RFR File, Tab 1 at 12-14.  However, the arbitrator's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision, *Gustave-Schmidt v. Department of Labor*, 87 M.S.P.R. 667, ¶ 10 (2001), and this omission does not mean that his decision is contrary to civil service law, rule, or regulation, *Benson v. Department of the Navy*, 65 M.S.P.R. 548, 554 (1994).  The Board has found that an argument that an arbitrator ignored certain evidence relates only to the arbitrator's factual findings and conclusions and does not demonstrate legal error.  *Moore v. Department of Commerce*, 55 M.S.P.R. 451, 458 (1992).  Thus, we find the appellant's arguments regarding the agency's case in chief unpersuasive and we discern no basis to disturb the arbitrator's conclusion that the agency satisfied the above-articulated legal standard by substantial evidence.

¶8      The appellant also argues that the agency's failure to provide him with a reasonable accommodation during the PIP deprived him of a reasonable opportunity to demonstrate acceptable performance.  RFR File, Tab 1 at 4-11.  It is not entirely clear to us whether the appellant is directing his argument at the agency's case in chief, his own affirmative defense, or both.  In any event, we find that the appellant's arguments are insufficient to show legal error in the arbitrator's decision.  The appellant renders an account of the facts underlying his disability discrimination claim, asserts that the agency failed to offer him a

reasonable accommodation until after the PIP was over, and argues that the failure to accommodate deprived him of a reasonable opportunity to demonstrate acceptable performance. *Id*. at 7-11. He argues that the arbitrator "err[ed] in assessing whether any of the requested accommodations at any point were unreasonable and by ignoring the accommodations that he did find reasonable." *Id*. at 9. We find, however, that the appellant's arguments pertain to the arbitrator's factual determinations and not to any alleged error in the legal analysis such as misallocating the burdens of proof or using the wrong analytical framework. *See Shestak v. Social Security Administration*, 84 M.S.P.R. 307, ¶ 6 (1999). In his decision, the arbitrator discussed the reasonable accommodation issue at length and found that the agency reacted appropriately to the appellant's requests for accommodation, including making some reasonable accommodations available to him during the PIP. RFR File, Tab 1 at 27-29, 32-36. Although the appellant disagrees with the arbitrator's factual conclusions, we find that the arbitrator employed the proper legal standard in reaching them. For these reasons, we find that the appellant has not presented an adequate basis for the Board to disturb the arbitrator's decision.

We forward the matter for further adjudication in light of *Santos*.

¶9      Although the appellant has identified no basis for us to disturb the arbitration decision, we nonetheless must forward this matter to an administrative judge for further adjudication. To this end, during the pendency of request for review in this case, the Federal Circuit found in *Santos*, 990 F.3d at 1360-61, that, in addition to the five elements of the agency's case set forth above, the agency must also justify the institution of a PIP by proving by substantial evidence that the appellant's performance was unacceptable prior to the PIP. The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16. Accordingly, we forward this matter to the regional office to provide the parties an opportunity to present argument and additional evidence

regarding whether the appellant's performance during the period leading up to the PIP was unacceptable[5]; if appropriate, the administrative judge assigned to the matter may convene a hearing. *See id.*, ¶¶ 16-17. Regardless of whether the agency meets its additional burden, if the argument or evidence regarding the appellant's pre-PIP performance affects the administrative judge's analysis of the appellant's affirmative defense, the administrative judge should make recommended findings regarding the same.

## ORDER

¶10 For the reasons set forth above, we forward this matter to the Washington Regional Office for further adjudication. The administrative judge assigned to the matter shall conduct further proceedings as necessary, consistent with this Order, and make recommended findings to the Board regarding (1) the issue of whether the agency proved the charge of unacceptable performance under the standard articulated in *Santos*, and (2) the appellant's affirmative defense of discrimination on the basis of failure to provide a reasonable accommodation. After the administrative judge issues the recommended decision, the case will be forwarded back to the Board. The parties may file exceptions to the administrative judge's recommended decision with the Clerk of the Board within 20 days of the date of the recommended decision. The parties may respond to any

---

[5] We acknowledge that the arbitrator discussed shortcomings with the appellant's performance prior to the PIP period. *E.g.*, RFR File, Tab 1 at 19-20, 35. Nonetheless, in light of the now-modified legal standard, we find it appropriate to provide the parties with the opportunity to present argument and additional evidence.

submission by the other party within 15 days of the date of such submission.  The Board will subsequently issue a final decision on the merits of the appellant's request for review.


FOR THE BOARD:

/s/ for
_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.